**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

VS.                                                                              CASE NO: 6:23-cr-10-PGB-DCI

**SAMUEL ERNESTO MENDEZ**
_____/

**NOTICE REGARDING POTENTIAL UPWARD VARIANCE**

This cause is before the Court *sua sponte* upon review of the Final Presentence Investigation Report and the calculated advisory sentencing guidelines in the above case.

**I.    BACKGROUND**

The Grand Jury returned an Indictment against Defendant Mendez for enticing a minor to engage in sexual activity for which he could be charged with a criminal offense; that is, lewd or lascivious battery (sexual activity with a person 12 years of age or older but less than 16 years of age). (Doc. 14). The Defendant plead guilty to that offense. (Docs. 36, 38). The Defendant was 28 years of age when he used the internet and a cell phone to communicate with a 12-year-old child. (Doc. 50, ¶ 5). Not long after meeting in a Snapchat group, the conversations between the Defendant and the minor turned sexual in nature. (*Id.* at ¶ 6). After ten-months of grooming the child, the Defendant traveled from Philadelphia to Orlando to engage in a sexual relationship. (*Id.*). During the early morning hours of June 5, 2022, the Defendant took the minor from her grandmother's home and

traveled to a hotel. (*Id.*). The minor's uncle realized she was not in the house at 2:50 a.m. and called the police. (*Id.*). Later that morning, the uncle observed the Defendant drop the child off down the street from the house. (*Id.*).

The Defendant had provided the minor with a cell phone, which the FBI examined and discovered text messages of a sexual nature between the minor and the Defendant, establishing a pattern of activity. (*Id.* at ¶¶ 8-9). A search warrant was subsequently executed on the Defendant's residence, and incriminating evidence was obtained along with a confession. (*Id.* at ¶ 10). The forensic evidence established that the Defendant had enticed the minor to perform sexually explicit acts which were transmitted via the minor's phone before he travelled to Florida to engage in a contact offense. The minor corroborated the Defendant's confession and told authorities the Defendant provided her alcohol while at the hotel and they engaged in oral sex. (*Id.* at ¶ 11).

The advisory sentencing guidelines provide a range of 108-135 months. Congress has established a mandatory minimum sentence of 120 months and a maximum sentence of life imprisonment. The advisory sentencing range is lower than most possession, receipt, or distribution of child pornography cases brought before this Court. As such, the Court notifies the parties it is considering an upward variance. *Irizarry v. United States* ("*Irizarry II*"), 553 U.S. 708, 716, 128 S.Ct. 2198, 2203–04, 171 L.Ed.2d (2008) (The Court is not required to provide notice when considering an upward variance).

## II.   SENTENCING PARITY

The parties are further advised that the Court has considered the following sentences imposed by the undersigned in previous enticement cases:

1. United States v. Engles: 6:21-cr-64-PGB-GJK

    The defendant impersonated a teenage boy and enticed three minors between the age of nine and eleven to engage in sexually explicit acts. Engles also possessed child pornography.

    The defendant was sentenced to 600 months.

2. United States v. Vadney: 6:14-cr-134-PGB-KRS

    The defendant communicated with an undercover law enforcement officer posing as the parent of six and ten-year-old girls. The defendant traveled from Polk County to Seminole County to engage in sex with the notional ten-year-old.

    The defendant was sentenced to 204 months.

3. United States v. Vaughn: 6:15-cr-165-PGB

    The defendant, posing as a female, met a minor on social media and groomed her until the minor sent sexually explicit images to the defendant. The defendant sent the minor presents as part of the grooming process. The minor was over the age of 12 but under the age of 16.

    The defendant was sentenced to 324 months.

4. United States v. Paulson: 6:15-cr-199-PGB-GJK

    The defendant believed he was speaking with the father of a 13-year-old girl when he travelled to Brevard County to meet the notional girl.

    The defendant was sentenced to 240 months.

5. United States v. Webb: 6:19-cr-75-PGB-LHP

   The defendant negotiated with an undercover law enforcement officer to have sex with a notional nine-year-old or a notional eleven-year-old girl.

   The defendant was sentenced to 235 months.

As in every case before the Court, the imposition of a sentence that comports with the policy considerations stated in § 3553 is an individualized process. That said, due to the seriousness of the offense conduct, the Court alerts the parties that it is *considering* an upward variance.

**DONE AND ORDERED** in Orlando, Florida on September 26, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties